# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Doe 1008, | Civil No. 16-1330 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Timothy Darriel Kieser; Deanna Keiser; and the County of Wright, Minnesota, a political subdivision of the State of Minnesota, | |
| Defendants. | |

Michael A. Bryant, Esq., Bradshaw & Bryant PLLC, counsel for Plaintiff.

James S. McAlpine, Esq., and Jessie L. Sogge, Esq., Quinlivan & Hughes, PA, counsel for Defendants Timothy Darriel Kieser and Deanna Keiser.

Elizabeth J. Vieira, Esq., and Scott T. Anderson, Esq., Rupp, Anderson, Squires & Waldspurger, counsel for Defendant County of Wright, Minnesota.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant County of Wright, Minnesota ("Wright County") (Doc. No. 26); and a Motion for Judgment on the Pleadings brought by Defendant Deanna Kieser ("D. Kieser") (Doc. No. 22). For the reasons set forth below, the Court grants the motions.

## BACKGROUND

Plaintiff Doe 1008 ("Plaintiff")[1] filed an Amended Complaint asserting the following three claims: (1) Sexual Abuse [Battery] of a Child (against Defendant Timothy Darriel Kieser ("T. Kieser")); (2) Negligent Placement and Supervision of Child in Foster Care (against Wright County); and (3) Negligent Supervision of a Child in Foster Care (against D. Kieser). (Doc. No. 9 ("Am. Compl.") ¶¶ 7-11.)

Plaintiff alleges that at age twelve Wright County officials placed her into foster care with D. Kieser and her husband, along with their adult son T. Kieser. (*Id*. ¶ 4.) Plaintiff further alleges that T. Kieser sexually abused her over an extended period of time and that, in 2004, T. Kieser was convicted of felony-level criminal sexual conduct related to the abuse. (*Id*. ¶¶ 5, 6.)

Relevant to this motion, Plaintiff alleges that Wright County negligently failed to evaluate whether T. Kieser might abuse Plaintiff before placing her in the Kiesers' home, and that Wright County negligently failed to train the Kiesers on how to supervise their son "as another person living in the same residence with a vulnerable child." (*Id*. ¶ 8.) Plaintiff also asserts a claim against D. Kieser for failing to properly monitor and supervise Plaintiff and her son. (*Id*. ¶ 10.) Plaintiff seeks to hold T. Kieser, D. Kieser,

---

[1] Wright County submits that Plaintiff has not identified any legal basis for keeping her identity anonymous in this civil matter. In light of the fact that both motions are granted, the Court declines to consider this issue.

and Wright County jointly and severally liable for damages in excess of $50,000 caused by T. Kieser's abuse of Plaintiff.

Wright County filed a motion to dismiss and D. Kieser filed a motion for judgment on the pleadings, both of which the Court considers below.[2]

## DISCUSSION

**I.        Legal Standard**

A party may move for judgment on the pleadings at any point after the close of pleadings, but early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Rule 12(b)(6). *See Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott*, 901 F.2d at 1488. A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a

---

[2]     Both Wright County and D. Kieser point out that Plaintiff's opposition to the motions was filed late and without justification. The Court declines to strike the opposition, as both motions will be granted even after considering Plaintiff's opposition.

motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.  Motions to Dismiss and for Judgment on the Pleadings

The threshold question in every federal case is whether the court has jurisdiction. *Vorachek v. United States*, 337 F.2d 797, 798 (8th Cir. 1964). The burden is on the plaintiff to allege and establish that the asserted claims are within the court's jurisdiction. *Id.* at 799. In particular, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Moreover, it is incumbent upon a plaintiff to allege jurisdictional facts. *Voracheck*, 337 F.2d at 799. "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth*

*v. Seldin*, 422 U.S. 490, 518 (1975). Courts look to the entirety of a complaint to determine whether Rule 8 is satisfied. *See, e.g.*, *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 993-94 (8th Cir. 2002).

Here, both D. Kieser and Wright County argue that Plaintiff's Amended Complaint fails to plead a basis for federal jurisdiction. The Amended Complaint contains no jurisdictional statement. The only reference to a federal statute is found in the caption of the Amended Complaint (citing 42 U.S.C. § 1983). Moreover, there are no affirmative allegations of jurisdiction contained in the Amended Complaint. For these reasons, the Court concludes that Plaintiff has failed to meet her burden to allege that her causes of action are within the Court's jurisdiction. *See Voracheck*, 337 F.2d at 799 (holding that the district court was "clearly right" to conclude it lacked jurisdiction when the complaint failed to plainly state the basis for jurisdiction); *Ivey v. Frost*, 346 F.2d 115, 115 (8th Cir. 1965) (finding complaint fatally defective where it made no adequate statement of jurisdictional facts and the only reference to a federal statute was in the caption). Plaintiff's claims against Wright County and D. Kieser are, therefore, properly dismissed for a failure to properly allege jurisdiction.

Even if Plaintiff had properly alleged jurisdiction, the Court concludes that there are no grounds for subject matter jurisdiction in this case. In her opposition, Plaintiff argues that this case is properly in federal court as a § 1983 claim, thus invoking

federal-question jurisdiction.[3] Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In addition, if the court has original jurisdiction over a claim, it may exercise supplemental jurisdiction over any other claims that form part of the same case or controversy. 28 U.S.C. § 1367.

In a facial challenge to jurisdiction, all factual allegations regarding jurisdiction are presumed to be true and all reasonable inferences are drawn in favor of the plaintiff. *See Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). To adequately plead a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional or federal statutory right and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff fails to allege facts sufficient to support the existence of a claim arising under federal law. *See Biscanin*, 407 F.3d at 907 ("A court does not obtain subject matter jurisdiction just because a Plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.") (citations omitted).

First, the only claim stated against Wright County is a claim for negligence. (Am. Compl. ¶ 8.) Negligence, however, is not actionable under § 1983. *See, e.g.*,

---

[3] Plaintiff agrees that diversity jurisdiction does not apply. (Doc. No. 34 at 3.)

*Daniels v. Williams*, 474 U.S. 327, 333 (1986) (explaining that "[w]here a government official's act causing injury . . . is merely negligent, no procedure for compensation is *constitutionally* required;" noting that injuries inflicted by governmental negligence are generally redressed by tort statutes) (citations and internal quotations omitted); *Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994) ("Gross negligence on the part of the officers—even assuming their conduct rose to such a level—is not actionable under [§ 1983]".). Despite the limited nature of the allegations in the Amended Complaint (which speak of only negligence against Wright County), Plaintiff argues that this case involves the "abuse of power by Wright County" and suggests that substantive due process is implicated. (Doc. No. 34 at 4.) This argument fails. Again, the allegations in the Amended Complaint against Wright County speak to only a cause of action for negligence. There is no allegation suggesting that Plaintiff intended to assert a substantive due-process claim. In addition, the Amended Complaint is devoid of facts that would demonstrate that Wright County's action was so outrageous or egregious so as to be "conscience-shocking," the standard for a substantive due-process claim. *See McLean v. Gordon*, 548 F.3d 613, 616-17 (8th Cir. 2008); *Burton v. Richmond*, 548 F.3d 613, 729 (8th Cir. 2004) (explaining that an agency's failure to investigate a complaint of possible sexual abuse or failure to conduct a home study did not violate substantive due process rights).[4] Namely, there is no allegation that any abuse was reported to Wright County or that there was a failure to investigate or intervene in reported abuse.

---

[4]  In addition, for a municipality to be liable under § 1983, a plaintiff must prove that
(Footnote Continued on Next Page)

Second, to establish a claim against D. Kieser as a private actor under § 1983, there must be "a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (citation omitted). D. Kieser points to authority that foster parents are not typically considered an agent of the state for purposes of a § 1983 analysis. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005). Plaintiff has failed to allege that D. Kieser was acting under color of law when she allegedly failed to supervise her son or Plaintiff. Indeed, Plaintiff does not appear to dispute that D. Kieser was not acting under color of law. Instead, Plaintiff argues that if the Court has federal question jurisdiction over Wright County, it has supplemental jurisdiction over D. Kieser. However, because the Court has already concluded that Plaintiff failed to demonstrate that the Court has federal question jurisdiction over the claim against Wright County, there is no supplemental jurisdiction over the claim against D. Kieser.

For the reasons discussed above, the Court concludes that Plaintiff has failed to adequately plead jurisdiction and that the Court lacks subject matter jurisdiction over the claims asserted against Wright County and D. Kieser. Thus, those claims are properly dismissed. In addition, the Court concludes that it lacks supplemental jurisdiction over

---

(Footnote Continued From Previous Page)

a municipal policy or custom was the "moving force [behind] the constitutional violation." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). There are no facts in the Amended Complaint that would suggest a municipal custom or policy that was behind any alleged constitutional violation.

the remaining battery claim against T. Kieser[5] and dismisses that claim without prejudice as well. To the extent that Plaintiff has a claim, it appears that it should be brought in state court.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Wright County's Motion to Dismiss (Doc. No. [26]) is **GRANTED**; and

2. D. Kieser's Motion for Judgment on the Pleadings (Doc. No. [22]) is **GRANTED**.

3. Plaintiff's Amended Complaint (Doc. No. [9]) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 20, 2017            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

---

[5] Plaintiff makes no allegation that T. Kieser was an "actor of the state" when he allegedly assaulted Plaintiff.